MARC E. JOHNSON, Judge.
 

 lain this personal injury case, the Third-Party Plaintiffs, 4621, L.L.C. (hereinafter referred to as 4621), Meltzer Properties. Ltd. (Meltzer Properties),
 
 [1]
 
 and Hanover Insurance Company (Hanover) appeal a judgment dismissing Third-Party Defendant, Thumbs Up Telemarketing, Inc. (Thumbs Up), the lessee of an office building in which the accident allegedly occurred. We reverse and remand.
 

 The original Plaintiff, Patricia Guidry, filed suit against 4621, Meltzer, Hanover, and janitorial service Romeche, L.L.C. d/b/a Jani-King. She alleges that she was injured in May of 2005 when an overhead fluorescent light fixture fell from the ceiling of a restroom of a building located at 4621 West Napoleon Avenue in Metairie, Louisiana. At that time, the Plaintiff was employed by Thumbs Up.
 

 |sIn August of 2007, Meltzer Properties, 4621, and Hanover filed a Third-Party petition against Thumbs Up asserting indemnity rights under the lease. Thumbs Up responded with exceptions of no cause of action and/or no right of action, and alternatively a motion for summary judgment.
 

 A hearing was held in June of 2008, following which the trial judge sustained the peremptory exception of no cause of action/no right of action. The trial judge found that the Third-Party Plaintiffs were not named parties to the lease, and thus, were not proper Third-Party Plaintiffs.
 
 *428
 
 The trial judge, however, permitted the Third-Party Plaintiffs an opportunity to amend their pleadings to remedy the defect.
 

 The Third-Party Plaintiffs subsequently amended their petition without adding any new parties. In December of 2008, the trial judge again granted the exception of no eause/right of action with prejudice. As before, he determined that the Third-Party Plaintiffs were not parties to the lease, and had no privity of contract with the parties to the lease.
 

 On appeal, the Third-Party Plaintiffs specify as error the trial judge’s decision granting the exceptions of no cause and/or no right of action, and failing to find that the Third-Party Plaintiffs had a breach of contract claim for indemnification and as a Third-Party beneficiary. They contend, alternatively, that the trial judge erred in granting the exceptions “with prejudice.”
 

 The building was owned by 4621, one of the Third-Party Plaintiffs. 4621 was composed of Sam M. and Gloria S. Newman Grandchildren’s irrevocable class trust No. 1 (hereafter The Newman Trust.), and West Napoleon L.L.C., entities authorized to act for 4621.
 

 14John A. Meltzer, a real estate professional, owns both West Napoleon and Meltzer Properties, another of the Third-Party Plaintiffs. He is the individual authorized to enter into contracts and/or lease agreements on behalf of 4621, West Napoleon, The Newman Trust, and Melt-zer Properties.
 

 Thumbs Up signed a lease for the premises with The Newman Trust and West Napoleon as the named Lessors. John A. Meltzer signed the lease on behalf of The Newman Trust and West Napoleon.
 

 The terms of the lease between Thumbs Up and The Newman Trust and West Napoleon included a requirement for Thumbs Up to procure liability insurance naming 4621 and Meltzer Properties as additional insureds. It also provides that Thumbs Up is required to indemnify and hold harmless the Lessors for any injuries sustained on the leased premises.
 

 The Third-Party Plaintiffs assert that the trial judge erred in finding that they have no cause or right of action against the Third-Party Defendants because 4621 is the owner of the building, and because The Newman Trust and West Napoleon were its mandataries that acted on its behalf in confecting the lease with Thumbs Up. Furthermore, 4621 is a named Defendant in the original action. Thus, it has a right to seek indemnity and/or otherwise protect its interests.
 

 The Third-Party Plaintiffs also contend that Meltzer Properties has a valid right and cause of action because it is a third party beneficiary of the lease. Specifically, the lease required Thumbs Up to obtain liability insurance naming the Lessors and Meltzer as additional insureds to insulate them from liability.
 

 NO CAUSE AND/OR RIGHT OF ACTION
 

 A) No Cause of Action
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition.
 
 Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission,
 
 94-2015, p. 5, n. 3 (La.11/30/94), 646 So.2d 885, 888, n. 3;
 
 Zurich American Ins. Co. v. Queen's Machinery Co., Ltd,
 
 08-546, p. 8-9 (La.App. 5 Cir. 1/27/09) 8 So.3d 91, 96. The function of the exception is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.
 
 Everything on Wheels Subaru, Inc. v. Subaru South,
 
 616 So.2d 1234, 1235 (La.
 
 *429
 
 1993);
 
 Zurich,
 
 08-546 at 8, 8 So.3d at 96. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The peremptory exception of no cause of action is triable solely on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.
 
 City of New Orleans v. Board of Commissioners,
 
 93-0690, p. 1 (La.7/5/94), 640 So.2d 237, 241;
 
 Zurich,
 
 08-546 at 8, 8 So.3d at 96.
 

 The standard of review by an appellate court review of the judgment sustaining an exception of no cause of action is
 
 de novo,
 
 because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition.
 
 City of New Orleans,
 
 93-0690 at 28, 640 So.2d at 253;
 
 Zurich,
 
 08-546 at 8, 8 So.3d at 96. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.
 
 Fink v. Bryant,
 
 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349;
 
 Zurich,
 
 08-546 at 8-9, 8 So.3d at 96.
 

 B) No Right of Action
 

 An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681.
 

 |fiThe purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. The exception of no right of action is directed to showing that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon the facts and evidence submitted. La. C.C.P. art. 927;
 
 Louisiana Paddlewheels v. Louisiana Riverboat Gaming,
 
 94-2015 (La.11/30/94), 646 So.2d 885, 888;
 
 Laguerre v. Mendez,
 
 08-784, p. 3 (La.App. 5 Cir. 2/25/09), 9 So.3d 896, 898. The courts review an exception of no right of action de novo.
 
 Hornot v. Cardenas,
 
 06-1341, p. 12 (La.App. 4 Cir. 10/03/07), 968 So.2d 789, 798;
 
 3218 Magazine, L.L.C. v. Lloyds of London,
 
 08-727, p. 3 (La.App. 5 Cir. 2/25/09), 10 So.3d 242, 243. Evidence is admissible in support of, or against, the exception of no right of action. La. C.C.P. art. 931.
 

 A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal. La. C.C. art. 2989. The mandatary may perform all acts that are incidental to or necessary for the performance of the mandate. La. C.C. art. 2995. The authority granted to a mandatary to perform an act that is an ordinary part of his profession or calling, or an act that follows from the nature of his profession or calling, need not be specified.
 
 Id.
 

 An agent is one who acts for or in the place of another by authority from the latter.
 
 Color Stone Intern., Inc. v. Last Chance CDP, LLC,
 
 08-35, p. 8 (La. App. 5 Cir. 5/27/08), 986 So.2d 707, 713;
 
 Barrilleaux v. Franklin Foundation Hospital,
 
 96-0343, p. 6 (La.App. 1 Cir. 11/8/96), 683 So.2d 348, 353-54, writ denied, 96-2885(La.1/24/97), 686 So.2d 864. An agency relationship may be either express or by implied appointment arising from apparent authority.
 
 Color Stone Intern, Inc.,
 
 08-35 at 8; 986 So.2d at 713. Thus, a principal is bound by the acts of his agent. La. C.C. art. 3021. A principal may also be bound by acts of a professed agent acting with “apparent authority.”
 
 Tedesco v. Gentry Development, Inc.,
 
 540
 
 *430
 
 So.2d 960, 962 (La.1989);
 
 Color Stone Intern, Inc.,
 
 08-35 at 9; 986 So.2d at 713.
 

 Although the Third-Party Plaintiffs here are not named lessors in the contract of lease, the names Lessors were acting as agent and/or mandatary on behalf of 4621 in confecting the lease. Thus, we find that 4621 has both a cause of action and a right of action under the lease for indemnity.
 

 THIRD PARTY BENEFICIARY
 

 Furthermore, the lease terms required Thumbs Up to name Meltzer as an insured to protect it from liability. As a third-party beneficiary to the lease, Melt-zer has privity to assert rights under the lessee for indemnity. Thus, we find that Meltzer has a cause of action and right of action.
 

 Accordingly, the judgment granting the peremptory exceptions of no cause and/or no right of action is reversed. The case is remanded for further proceedings consistent with this opinion.
 

 REVERSED; PEREMPTORY EXCEPTIONS DENIED; CASE REMANDED
 

 [1]
 

 . John Meltzer Properties is the registered trade name of Meltzer Properties, Ltd.