# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30112

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2020

Lyle W. Cayce
Clerk

MARK ANTHONY JENKINS,

> Plaintiff - Appellant

v.

TIMOTHY O'ROURKE, Jefferson Parish Assistant District Attorney,
Jefferson Parish Juvenile Court; ROBERT M. MURPHY, Former Judge of
the Louisiana Fifth Circuit Court of Appeal; KRISTYL TREADAWAY;
BARRON BURMASTER, Judge,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-3122

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Appellant Mark Anthony Jenkins brought suit in Louisiana state court in 2012 contesting his paternity of Mark Anthony Jenkins, Jr. and seeking, *inter alia*, nullification of an earlier child support judgment and removal of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30112

name from Mark Anthony Jenkins, Jr.'s birth certificate.[1] *Jenkins v. Jackson*, 216 So. 3d 1082, 1084–86 (La. Ct. App. 2017). In July 2015, the Louisiana appellate court found that Appellant had judicially confessed that "he signed both the birth certificate *and* an acknowledgement of paternity at the time of [Mark Anthony Jenkins, Jr.'s] birth in 1997," such that Appellant's "cause of action to revoke his acknowledgement of legal paternity has prescribed." In a later appeal, the state appellate court reaffirmed this ruling, and noted it had jurisdiction to issue the earlier ruling pursuant to its supervisory jurisdiction over district courts within its circuit. *Jenkins*, 216 So. 3d at 1090 ("Because the 24th Judicial District Court is a district court within our circuit, this Court had the supervisory jurisdiction to render determinations relevant to Mr. Jenkins' petition, which included the legal and biological paternity of [Mark Anthony Jenkins, Jr.]"); LA. CONST. ART. V, § 10 ("[A] court of appeal . . . . has supervisory jurisdiction over cases which arise within its circuit.").

Appellant then filed this federal lawsuit against an assistant district attorney involved in the underlying litigation, a judge on the state appellate court, his ex-wife's attorney, and the state district court judge, arguing the state appellate court lacked subject-matter jurisdiction to determine his legal paternity and seeking relief under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. The district court dismissed Appellant's action under Federal Rule of Civil Procedure 12(b)(1), holding that it lacked jurisdiction under the *Rooker-Feldman* doctrine because (1) Appellant "lost in the state court," (2) he "alleges injuries caused by that judgment," (3) that judgment "was rendered before [Appellant] filed this action," and (4) Appellant "specifically asks this [c]ourt to reverse that judgment." *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

---

[1] Mark Anthony Jenkins, Jr., was born September 18, 1997. *Jenkins v. Jackson*, 216 So. 3d 1082, 1084 (La. Ct. App. 2017).

544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The district court further determined that the state appellate court had jurisdiction to determine Appellant's legal paternity.

After careful review of the record in this case, full consideration of the parties' briefs, and the district court's thorough order and reasons, we affirm the district court's judgment for essentially the reasons stated by that court.

AFFIRMED.