# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

TRUNOD DEMARCO ROGERS

VERSUS

TONYA RENAE MORGAN ROGERS

NO.   2020 CW 0267

JUN 0 9 2020

---

In Re:    Jeff Landry, Attorney General of the State of Louisiana, applying for supervisory writs, Family Court in and for the Parish of East Baton Rouge, No. 153585.

---

**BEFORE:   GUIDRY, McCLENDON, WELCH, HOLDRIDGE, AND CHUTZ, JJ.**

**WRIT GRANTED IN PART; DENIED IN PART.** The trial court erred by denying the peremptory exception of res judicata filed by the relator, the State of Louisiana through the Attorney General's Office. On September 25, 2013, the trial court rendered a final judgment granting exceptions of prescription and no cause of action filed by Tonya Renae Rogers and dismissing the respondent's, Trunod Demarco Rogers', disavowal action on the basis that the respondent's disavowal claims had prescribed pursuant to La. Civ. Code art. 189. The respondent's claims asserted in his July 11, 2018 motion that La. Civ. Code arts. 185 and 189 are unconstitutional involve the same parties and those claims existed at the time of the trial court's September 25, 2013 judgment. Thus, the respondent is precluded from raising those claims based on the res judicata effect of the trial court's September 25, 2013 judgment. See **Jenkins v. Jackson,** 16-482 (La. App. 5th Cir. 2/22/17), 216 So.3d 1082, writ denied, 2017-0652 (La. 9/6/17), 224 So.3d 984. Accordingly, we grant the relator's exception of res judicata and dismiss with prejudice the respondent's, Trunod Demarco Rogers', claims asserting that La. Civ. Code arts. 185 and 189 are unconstitutional. In all other respects, the writ is denied.

**JEW**
**WRC**

**McClendon, J.,** concurs. The trial court's September 25, 2013 judgment granting exceptions of prescription and no cause of action filed by Tonya Renae Rogers and dismissing the respondent's disavowal action is a final judgment; therefore the trial court is without subject matter jurisdiction to substantively amend that judgment at this time. See La. Code Civ. Proc. art. 1951; **Bourgeois v. Kost,** 2002-2785 (La. 5/20/03), 846 So.2d 692, 695.

**Guidry and Holdridge, JJ.,** dissent and would deny the writ. The respondent's, Trunod Demarco Rogers', July 11, 2018 "Motion and Memorandum Regarding Constitutionality of Civil Code Articles 185 and 189," seeks a declaration by the trial court that La. Civ. Code arts. 185 and 189 are unconstitutional and therefore the filing may be construed as a petition for declaratory judgment. See **Smith v. Cajun Insulation, Inc.,** 392

So.2d 398, 402 n. 2 (La. 1980); **Greene v. Succession of Alvarado,** 2015-1960 (La. App. 1st Cir. 12/27/16), 210 So.3d 321, 339; see also La. Code Civ. P. art. 865.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT