KATHRYN STEELE AND STEELE
STRAGETIES, INC.

VERSUS

MICHAEL D. KOTLER, PELICAN STATE
INDUSTRIAL MEDICINE, INC., MCM
MEDCLINIC MANAGEMENT, LLC AND
ELITE HEALTHCARE, L.L.C.

NO. 25-CA-113

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 838-907, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING


September 24, 2025


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.


**AFFIRMED**
    **JJM**
    **SMC**
    **JGG**



FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
MICHAEL KOTLER, PELICAN STATE INDUSTRIAL MEDICINE, INC.; MCM
MEDCLINIC MANAGEMENT, LLC; AND ELITE HEALTHCARE, LLC
    William H. Eckert
    Daniel G. Collarini

COUNSEL FOR DEFENDANT/APPELLEE,
BRANDON ROBBINS AND SHANNON ROBBINS DAVIDOFF
    Elizabeth A. Roussel
    Alexandra R. Lamb
    Edwin G. Laizer

**MOLAISON, J.**

Appellants, Michael D. Kotler, Pelican State Industrial Medicine, Inc., MCM Medclinic Management L.L.C., and Elite Healthcare, L.L.C., appeal the trial court's judgment granting of a peremptory exception of no cause of action in favor of the appellees, Brandon Robbins and Shannon Robbins Davidoff. We affirm for the following reasons.

## PROCEDURAL HISTORY

The record in this matter shows that Kathryn Steele and Steele Strategies, Inc. filed a lawsuit in the Twenty-Fourth Judicial District Court on March 22, 2023, naming Michael Kotler, Pelican State Industrial Medicine, Inc., MCM Medclinic Management, LLC, and Elite Healthcare, LLC, as defendants.[1] On August 16, 2023, the defendants filed an answer denying the allegations in the petition. On May 22, 2024, the appellants filed a third-party demand naming, among others, Brandon Robbins[2] and Shannon Robbins Davidoff.[3]

Mr. Robbins and Ms. Davidoff jointly filed several exceptions on August 29, 2024, that included a peremptory exception of no cause of action. After a hearing on October 30, 2024, the trial court granted the exception of no cause of action and found the remainder of Mr. Robbins' and Ms. Davidoff's exceptions moot. The instant appeal followed.

## ASSIGNMENT OF ERROR

The District Court erred in sustaining the Appellees' Peremptory Exception of No Cause of Action, by ruling that the Appellees cannot be liable to the Appellants as warrantors or indemnitors for the claims sought in the main demand.

---

[1] In summary, the lawsuit alleged that the appellants had breached a consulting contract with Ms. Steele and her company.

[2] The third-party demand claimed that Mr. Robbins engaged in 28 separate acts of fraud in concert with Ms. Steele as the CEO of Steele Strategies.

[3] The third-party demand against Ms. Davidoff alleged 17 separate acts of fraud and negligence in the performance of her duties as CEO of the Kotler companies.

## LAW AND ANALYSIS

A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to assert an action against the defendant judicially. *Show-Me Const., L.L.C. v. Wellington Specialty Ins. Co.*, 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Jenkins v. Jackson*, 16-482 (La. App. 5 Cir. 2/22/17), 216 So.3d 1082, 1089, *writ denied*, 17-652 (La. 9/6/17), 224 So.3d 984. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *In Re Shell*, 18-709 (La. App. 5 Cir. 5/30/19), 274 So.3d 872, *writ denied*, 19-1068 (La. 10/21/19), 280 So.3d 1166. No evidence may be introduced to support or controvert the exception of no cause of action. *Show-Me Const., L.L.C., supra, citing* La. C.C.P. art. 931. The appellate court standard of review of a judgment sustaining an exception of no cause of action is *de novo* because the exception raises a question of law. *Jenkins, supra*.

The specific issue before us in this appeal is whether the appellants have stated a cause of action against the appellees as third-party defendants. La. C.C.P. art. 1111 provides in part:

> The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.

A third-party demand is a device primarily used to make claims of contribution or indemnity in the event the defendant loses on the principal demand. *Union Service & Maintenance Co., Inc. v. Powell*, 393 So.2d 94, 95 (La. 1980). When a third-party demand does not allege facts indicating that the third-party defendant is either a warrantor of the third-party plaintiff or is liable for all or part of the

principal demand, the third-party demand fails to state a cause of action.  *Boyer v. Trinity Universal Ins. Co. of Kansas, Inc.,* 576 So.2d 444, 446 (La. 1991).

**The claims raised in the original petition**

The petition seeks damages resulting from an alleged breach of a contract entered into by the appellants and Ms. Steele through Steele Strategies.   First, Ms. Steele aims to enforce the terms of a promissory note she claims is due and owed to her.  Ms. Steele further argues that the appellants failed to pay her compensation and bonuses for a second consulting agreement.  Finally, Ms. Steele alleged in the petition that she is entitled to the reimbursement of $708,000.00 for personal funds used to cover business expenses for the appellants.

**The third-party claims by appellants**

The appellants' third-party petition against Mr. Robbins and Ms. Davidoff, on its face, does not seek contribution or indemnity from them regarding Ms. Steele's claims for breach of contract, failure to pay a promissory note, or reimbursement of expenses.  Nor does the third-party demand against Mr. Robbins and Ms. Davidoff specifically assert or set forth factual allegations that they are warrantors or liable to appellants for all or part of Ms. Steele's principal demand.  Instead, the appellants argue that Mr. Robbins and Ms. Davidoff "conspired with Steele to defraud the Appellants and breach the fiduciary duties of Steele… and their duty of loyalty to the Appellants."  The appellants conclude that if they "are able to prove the conspiracy alleged, then the actions of [Mr. Robbins and Ms. Davidoff] directly relates to the compensation sought by SSI and Steele."  Stated another way, the appellants claim that Mr. Robbins and Ms. Davidoff fraudulently and artificially created the damages for which Ms. Steele is now suing them.

La. C.C. art. 2324 provides: "He who conspires with another person to commit an intentional or willful act is answerable, *in solido*, with that person, for the damage caused by such act."  However, conspiracy by itself is not an

actionable claim under Louisiana law.  *Ross v. Conoco, Inc.*, 02-0299
(La.10/15/02), 828 So.2d 546.  Instead, it is the "tort which the conspirators agreed
to perpetrate and which they actually commit in whole or in part" that constitutes
the actionable elements of a claim.  *Id.* at 552.

Turning again to the specific allegations against Mr. Robbins and Ms.
Davidoff, the question remains whether the individual acts committed as part of an
alleged civil conspiracy, if true, would make them liable for the damages claimed
by Ms. Steele in her petition.  While the appellants may well have identified causes
of action against Mr. Robbins and Ms. Davidoff that would be viable in a separate
action, we find that the same claims, raised in the context of a third-party demand
in this case, are too attenuated from the original claims by Ms. Steele to defeat the
exception of no cause of action.  *Couvillion Group, L.L.C. v. Plaquemines Parish
Government*, 20-00074 (La. 4/27/20), 295 So.3d 400, 402-403.  Without the proper
allegations of warranty or liability, the third-party demand fails to state a viable
cause of action against Mr. Robbins and Ms. Davidoff.

**DECREE**

For the reasons stated, we affirm the trial court's judgment granting the
appellees' exception of no cause of action.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 25-CA-113

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
DANIEL G. COLLARINI (APPELLANT)          NORA E. CHAPKOVICH (APPELLANT)          ALEXANDRA R. LAMB (APPELLEE)
EDWIN G. LAIZER (APPELLEE)               ELIZABETH A. ROUSSEL (APPELLEE)

**MAILED**
MICHAEL J. TARLETON (APPELLANT)          WILLIAM H. ECKERT (APPELLANT)          FRANKLIN J. FOIL (APPELLEE)
ATTORNEY AT LAW                          ATTORNEY AT LAW                        ATTORNEYS AT LAW
151 WEST PEACE STREET                     201 ST. CHARLES AVENUE                412 NORTH FOURTH STREET
CANTON, MS 49046                          SUITE 2500                            SUITE 240
                                          NEW ORLEANS, LA 70170                 BATON ROUGE, LA 70802