BROWN, Judge.
Defendant, Billy Vernon Byrd, appeals from that portion of a default judgment granting his former wife, Rita Stanley Byrd, child support and awarding joint custody. Defendant does not appeal the part of the judgment granting a divorce. For the following reasons, we set aside the default judgment as it relates to child custody and support and remand to the district court for further proceedings consistent with this opinion.

FACTS

Plaintiff and defendant were married on December 29, 1985. One child, Billy James Byrd, was born to the couple on August 1, 1987. On June 2, 1992, Rita Byrd petitioned for divorce based on six months physical separation in accordance with LSA-C.C. Art. 103(1). She alleged physical separation without reconciliation since April 25, 1989, and sought joint legal custody according to a plan attached to and made a part of her petition.
Although the petition contained no specific prayer for child support, plaintiffs proposed joint custody plan provided that defendant pay plaintiff $500 a month as child support, maintain hospitalization insurance for the child and be responsible for all dental and medical expenses not covered by insurance.
Initially no service information was provided with the petition; however, on August 19, the clerk issued a citation which was personally served on defendant on August 27, 1992. Defendant answered plaintiff’s petition agreeing to joint custody but rejecting the plan proposed by plaintiff. The answer was stamped by the Ouachita Parish Clerk’s Office as received at 10:28 a.m. on September 17, 1992. On this same morning a judgment by default was rendered against defendant.
A preliminary default was entered on September 14, 1992, and confirmed on September 17, 1992. On that date the clerk’s minutes state court convened at 9:35 a.m. Defendant’s appeal, however, is not based on the issue of whether his answer was timely. Instead defendant asserts that “he reserves all rights to seek a nullity or take such other action as is appropriate on that issue.”
The default judgment of September 17, 1992, granted a divorce and ordered the adoption and implementation of the joint custody plan filed by plaintiff, including *126 that defendant pay $500 per month in child support, maintain hospitalization insurance for the minor child and be responsible for all medical expenses not covered by insurance.[1]

DISCUSSION

LSA-C.C.Pr. Art. 1702 provides, in part: (A) A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case....
[[Image here]]
(E) Notwithstanding any other provisions of law to the contrary, when the demand is for divorce under Civil Code Article 103(1), whether or not the demand contains a claim for relief incidental or ancillary thereto, a hearing in open court shall not be required unless the judge, in his discretion, directs that a hearing be held. The plaintiff shall submit to the court an affidavit specifically attesting to and testifying as to the truth of all of the factual allegations contained in the petition, and shall submit the original and not less than one copy of the proposed final judgment. If no answer or other pleading has been filed by the defendant, the judge shall, after two days, exclusive of holidays, of entry of a preliminary default, render and sign the judgment or direct that a hearing be held. The minutes shall reflect rendition and signing of the judgment, (emphasis added).
A confirmation of default hearing was held consisting of the following testimony:
Q. State your full name, please?
A. Rita Kay Byrd.
Q, Okay. And when were you married to the defendant, Billie Vernon Byrd?
A. December 28th, 1985.
Q. And y’all last lived together in Oua-chita Parish, is that correct?
A. Yes, Sir.
Q. Okay. Were any children born of that marriage?
A. Yes, Sir, Billie James Byrd.
Q. Okay. And you presently have physical custody of that child?
A. Yes, Sir.
Q. Have you and your husband discussed the matter of joint custody?
A. Yes, Sir, we have.
Q. And the joint custody plan that he was served with provides that he will pay you $500.00 a month for child support, health and accident insurance and all noncovered medical expenses regarding the child? Is he aware of that?
A. Yes, Sir.
Q. Okay. When did you and your husband physically separate?
A. December ... I’m sorry, April 25th of 19—
Q. ’89?
A. ’89, yes, Sir.
Q. That’s what’s alleged in the petition. And since that time have you and your husband reconciled or resumed living together?
A. No, Sir.
Q. And especially in the last six months?
A. Right.
(emphasis added).
Plaintiff called one other witness whose testimony concerned only the issue of separation without reconciliation.
The above testimony is the entirety of evidence considered by the trial judge in awarding child custody and support.
In accordance with LSA-C.C.Pr. Art. 1702(E), plaintiff established her entitlement to a divorce under LSA-C.C. Art. 103(1). However, the evidence is not sufficient for an award of child custody or support. Although plaintiff testified that she discussed the proposed custody plan with defendant, we note that she never stated that defendant agreed to its terms.
LSA-C.C. Article 105 provides that in a proceeding for divorce or thereafter, either spouse may request a determination of cus *127 tody, visitation or support of a minor child. Comment (c) to this article provides that the court should consider the factors listed in the relevant provisions of the Louisiana Civil Code and Revised Statutes in deciding matters incidental to divorce, such as child custody and support.
Louisiana’s child support guidelines, effective October 1989, are set forth in LSA-R.S. 9:315-9:315.14. These guidelines are applicable in any case to establish or modify child support filed after October 1, 1989. LSA-R.S. 9:315.1(A). The guidelines are founded on an income share formula, LSA-R.S. 9:315.8, and set the amount of support based on the needs of the children and the means available to the parents. Carter v. Carter, 591 So.2d 1313 (La.App. 2d Cir.1991). The child support guidelines were not considered in this case and the record is void of the information necessary for their use in calculating support.
LSA-C.C. Arts. 131 and 134 provide that in all cases of divorce, child custody shall be granted in accordance with “the best interest of the child” and list factors that must be considered by the court in reaching its decision. In determining the best interest of the child there must be a weighing and balancing of the factors in each particular case. Cooper v. Cooper, 579 So.2d 1159 (La.App. 2d Cir.1991). In the instant case not even minimal information was given concerning the child. Plaintiff testified that the child was, at that time, in her physical custody. The child’s age could be determined only by reading the verified petition. No other information about the child was presented or available to the court.
Therefore, the judgment awarding custody and support is unsubstantiated by the record. There was insufficient evidence concerning the “best interest of the child”, and the child support guidelines were not applied. Thus, because the record contains inadequate information, a remand to the trial court is necessary. State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir.1992); Norred v. Norred, 571 So.2d 702 (La.App. 2d Cir.1990).

CONCLUSION

For the reasons set forth above, that portion of the judgment awarding child custody and child support is vacated and the matter is remanded to the district court for a determination of child custody in accordance with LSA-C.C. Art. 131 and child support in accordance with LSA-R.S. 9:315 et seq. The judgment granting a divorce is affirmed. Costs are assessed to plaintiff-appellee.

. On October 8, 1992, defendant, Billy Byrd, filed a motion for new trial and to set aside the judgment rendered on September 17, 1992. However, believing this motion was not timely, it was withdrawn and defendant perfected an appeal.