GRAVOIS, J.
Plaintiff/appellant, Dexter Johnson, appeals the trial court's October 26, 2017 judgment which established custody and visitation of his minor twin children.[1] For the following reasons, because the record contains inadequate information, we vacate the portion of the trial court's judgment that named defendant/appellee, Tomika Clofer, the twins' mother, as domiciliary parent, and remand the matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
On August 4, 2017, Dexter Johnson filed a "Petition to Establish Filiation, Custody and Visitation" on behalf of Tiarrah Johnson and Tyrann Johnson, twins born on June 24, 2014. Tomika Clofer, the twins' mother, was made the respondent. In his petition, Mr. Johnson stated that he is named as the twins' father on their birth certificates, and that since the twins' birth, he and Ms. Clofer have "openly, publicly and expressly acknowledged" that he is their natural father. As such, he prayed to be filiated in the eyes of the law. He further noted that he has been an integral part of the twins' lives since their birth, has provided financially for them, and has them on his insurance plan. He stated that he is current on his monthly child support obligation. Mr. Johnson prayed that he be granted shared custody and the right to *599 take the tax dependency exemption on the twins each year.[2]
The matter came on for a hearing on September 22, 2017. Ms. Clofer was not present for the hearing.[3] At the hearing, Mr. Johnson testified that he has spent time with the twins since their birth, including "extended time." He stated that the twins would come over and spend the night "every so often," and this included them staying more than one day consecutively with him. According to Mr. Johnson, at times Ms. Clofer would "keep the kids away from [him]." Mr. Johnson testified that he is familiar with the twins' educational and physical needs and pays 82% of their child support obligation. He currently lives with his wife five miles from the twins. He testified that he last saw the twins three weeks prior to the hearing. Mr. Johnson submitted as evidence a proposed parenting plan in which he noted that the parties had agreed to maintain joint legal custody of the twins and to a 3-3-4-4 shared physical custody schedule.
By judgment dated October 26, 2017, the trial court found Mr. Johnson to be the legal and natural father of the twins. The trial court awarded custody of the twins to the parties, jointly, and designated Ms. Clofer as the primary domiciliary parent. Additionally, a detailed visitation schedule was established. Mr. Johnson was granted visitation every other weekend and for two consecutive weeks in June and July for vacation purposes. The parties would share holidays as detailed in the judgment. The trial court denied Mr. Johnson's request to have the tax dependency exemption on the twins each year. The trial court noted that the provisions of La. R.S. 9:315.18(B)(1)(b) had not been established, but upon a proper showing, Mr. Johnson would be entitled to claim the tax dependency in alternating years.
On November 9, 2017, Mr. Johnson filed a motion for a new trial, asserting that the trial court's findings were contrary to the law and to the only evidence introduced at the hearing. Following a hearing on December 22, 2017, the trial judge orally denied the motion for a new trial.[4] In her oral reasons for judgment, the trial judge stated that nothing from Ms. Clofer was considered in rendering her judgment since she had arrived after the case had already concluded. The trial judge stated that she had considered all the evidence and testimony presented. Specifically, the court noted that it considered the age of the children, Mr. Johnson's testimony about his time spent with the children, and the fact that Mr. Johnson was asking for 50/50 custody and Ms. Clofer was not there to present evidence. Based on the evidence submitted, the trial court found that the parenting plan submitted by Mr. Johnson was not in the best interest of the children.
Mr. Johnson filed a motion to appeal the judgments of October 26, 2017 and December 22, 2017. This appeal followed.
LAW AND ANALYSIS
On appeal, Mr. Johnson argues that the trial court abused its discretion in designating Ms. Clofer as the primary domiciliary parent based on the evidence presented. Mr. Johnson argues that, considering the best interest factors of La. C.C. art. 134, there was no evidence nor testimony presented regarding: Ms. Clofer's moral *600 fitness as it affects the welfare of the children; the adequateness and stability of the home environment of Ms. Clofer; and the capacity and disposition of Ms. Clofer to give the twins love, affection, and spiritual guidance and to continue the education and rearing of the children. Further, Mr. Johnson argues that as a matter of law, the trial court erred in disregarding the unchallenged testimony and evidence he presented.
In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child. La. C.C. art. 131. La. C.C. art. 134 sets out 12 non-exclusive factors for the court to consider in awarding custody:
The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
The trial court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors. Robertson v. Robertson , 10-926 (La. App. 5 Cir. 4/26/11), 64 So.3d 354, 363 ; Robert v. Robert , 44,528 (La. App. 2 Cir. 8/19/09), 17 So.3d 1050, 1052, writ denied , 09-2036 (La. 10/7/09), 19 So.3d 1. These factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor is left to the discretion of the trial court. Robertson , supra . Each child custody case must be viewed in light of its own particular set of facts and circumstances with the paramount goal of reaching a decision that is in the best interest of the children. Robertson , supra ; Harvey v. Harvey , 13-81 (La. App. 3 Cir. 6/5/13), 133 So.3d 1, 3, writ denied , 13-1600 (La. 7/22/13), 119 So.3d 596. On appellate review, the determination of the trial court in establishing custody is entitled to great weight and will not be disturbed absent a clear showing of an abuse of discretion. Martin v. Martin , 11-1496 (La. App. 3 Cir. 5/16/12), 89 So.3d 526, 528 ; Bridges v. Bridges , 09-742 (La. App. 5 Cir. 2/9/10), 33 So.3d 914, 918.
*601 In the instant case, though it appears that the twins have resided mainly with Ms. Clofer, the record is void of any other information about Ms. Clofer. The record contains no evidence or testimony necessary to consider numerous factors about Ms. Clofer, including: the moral fitness of Ms. Clofer; Ms. Clofer's mental and physical health; the love affection and other emotional ties between Ms. Clofer and the twins; and Ms. Clofer's capacity to give the twins love, affection, spiritual guidance, and to provide food, clothing, medical care, and other material needs. Thus, we find insufficient evidence was presented concerning the best interest of the children, and accordingly, the trial court abused its discretion in naming Ms. Clofer as domiciliary parent.[5]
CONCLUSION
For the foregoing reasons, because the record contains inadequate information, we vacate the portion of the trial court's judgment which named Tomika Clofer, the twins' mother, as domiciliary parent, and remand the matter to the trial court for further proceedings.
JUDGMENT VACATED IN PART; REMANDED

Mr. Johnson also appeals the trial court's December 22, 2017 denial of his motion for a new trial concerning the trial court's October 26, 2017 judgment.

Ms. Clofer did not file any objection to the petition.

The judgment on the matter notes that Ms. Clofer appeared later in the morning after the matter had been submitted and after Mr. Johnson had left.

There is no signed judgment denying the motion for a new trial.

See Byrd v. Byrd , 621 So.2d 124, 127 (La. App. 2d Cir. 1993), in a different procedural but somewhat similar factual situation with respect to sufficiency of the evidence presented, the court found that the default judgment awarding custody and support in this domestic case was "unsubstantiated by the record." The court specifically found that there was "insufficient evidence concerning the 'best interest of the child' ...." Thus, because the record contained "inadequate information," the court found it necessary to remand the matter to the trial court for a determination of child custody.