DEXTER JOHNSON

VERSUS

MADELINE JASMINE - INDIVIDUAL
CAPACITY

NO. 19-CA-365

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 72,674, DIVISION "B"
HONORABLE ROBERT L. LOBRANO, JUDGE AD HOC PRESIDING


January 29, 2020


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Robert A. Chaisson


**AFFIRMED**

    **FHW**
    **MEJ**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
DEXTER JOHNSON
    Dexter Johnson

COUNSEL FOR DEFENDANT/APPELLEE,
MADELINE JASMINE - INDIVIDUAL CAPACITY
    Jo Ann Nixon

**WICKER, J.**

Plaintiff/Appellant, Dexter Johnson (hereinafter "Mr. Johnson") appeals from a May 9, 2019 decision of the 40th Judicial District Court,[1] Parish of St. John the Baptist, granting an exception of no cause of action in favor of Defendant/Appellee, Judge Madeline Jasmine (hereinafter "Judge Jasmine"), in her individual capacity. For the following reasons, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Dexter Johnson appeared in Judge Jasmine's courtroom on September 22, 2017, after filing a custody petition with the court.[2] The children's mother was not present when Mr. Johnson presented his custody plan and testimony. After Mr. Johnson left the courtroom, the children's mother appeared before the Judge. No record of the exchange exists. On October 26, 2017, Judge Jasmine issued a judgment that differed from Mr. Johnson's parenting plan proposing joint legal custody and a 3-3-4-4 shared physical custody schedule. *See Johnson v. Clofer*, 18-119 (La. App. 5 Cir. 6/27/18), 251 So.3d 597, 599.

Thereafter, Mr. Johnson filed a Motion for New Trial, which was denied following a hearing on December 22, 2017. *Id.* In her oral reasons for judgment, Judge Jasmine stated that nothing from the children's mother was considered in rendering judgment because she arrived after the case had concluded. However, Judge Jasmine found that, based on the evidence presented, Mr. Johnson's proposed plan was not in the best interest of the children. Mr. Johnson appealed both the October 26, 2017 and December 22, 2017 judgments. *See Id.* On appeal,

---

[1] Retired Judge Robert L. Lobrano sitting *ad hoc*.
[2] The facts of the underlying case are more fully discussed in this Court's opinion in *Johnson v. Clofer*, 18-119 (La. App. 5 Cir. 6/27/18), 251 So.3d 597.

this Court found that the record contained insufficient evidence for a determination of the best interest of the children, and vacated the judgment in part. *Id.* at 601.

On August 16, 2018, Mr. Johnson filed his "Petition for Damages" against Judge Jasmine in her individual capacity, claiming that she "willfully, negligently, maliciously, and recklessly abused her authority." Mr. Johnson sought damages for intentional infliction of emotional distress manifested in the form of "anxiety, depression, lack of sleep, severe headaches, and diminished sexual desire." Mr. Johnson also claimed a loss of wages in the amount of $5,220 for nine days in which he was seeking treatment for his other injuries and unable to work.

On October 22, 2018, Judge Jasmine filed a Peremptory Exception of No Cause of Action and a Dilatory Exception of Vagueness asserting that Mr. Johnson's allegation of abuse of authority could only be referring to the October 26, 2017 Court Order issued, not in her individual capacity, but in her capacity as a District Court Judge—a position which afforded her immunity for discretionary acts pursuant to La. R.S. 9:2798.1. On February 25, 2019, the trial court granted Judge Jasmine's exception of no cause of action, but allowed Mr. Johnson an opportunity to amend his petition to state a cause of action.[3]

On March 13, 2019, Mr. Johnson filed his "First Amended Petition for Damages" in which he elaborated on the facts giving rise to his claim. Mr. Johnson stated that he appeared with his counsel for the hearing in September of 2017; the opposing party was not present. However, Judge Jasmine's judgment issued on October 26, 2017, indicated that the opposing party appeared later and that the judge considered "arguments of the parties" in rendering judgment against Johnson. Thereafter, when Mr. Johnson gave Judge Jasmine "an opportunity to cure and correct her judgement (sic)," Judge Jasmine maintained that the judgment

---

[3] On January 4, 2019, Mr. Johnson filed a motion for summary judgment which was also set for hearing on February 25, 2019. The trial court found the motion for summary judgment was premature due to the fact that an answer had yet to be filed in the matter. *See* La. C.C.P. art. 966(A)(1).

was pursuant to the law and that she did not consider any testimony from the opposing party. Mr. Johnson stated that this Court vacated the judgment in part and remanded the matter to the trial court due to an abuse of discretion. Therefore, he concluded that Judge Jasmine's behavior was willful, negligent, malicious, and reckless and repeated his injuries alleged in the first petition.

Judge Jasmine re-urged the exceptions of no cause of action and vagueness. On May 9, 2019, the trial court granted the exception of no cause of action stating:

> Accepting all of the allegations of the amended petition as true, plaintiff still could not recover. His entire complaint alleges actions taken by defendant in her official capacity as a trial judge in the underlying case involving plaintiff. Plaintiff's remedy is by way of appeal, which he has done and was successful.

This appeal followed.[4]

## DISCUSSION

Appellate courts review a judgment sustaining an exception of no cause of action *de novo*. *Jenkins v. Jackson*, 16-482 (La. App. 5 Cir. 2/22/17), 216 So.3d 1082, 1089. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Williams vs. State of Louisiana, et al*, 34,691 (La. App. 2 Cir. 5/9/01), 786 So.2d 927, 930. The exception of no cause of action is tried solely on the four corners of the petition, accepting all well-pleaded facts in the petition as true. *Jenkins*, 216 So.3d at 1089. A petition generally will not be dismissed for failure to state a claim unless plaintiff has no cause of action under any evidence admissible under the pleadings. *Steed v. St. Paul's United Methodist Church,* 31,521 (La. App. 2 Cir. 2/24/99), 728 So.2d 931, *writ denied,* 99-0877 (La.5/7/99), 740 So.2d 1290.

---

[4] Mr. Johnson initially filed a writ application with this Court on May 17, 2019. The writ was granted for the limited purpose of remanding the matter to order the district court to consider the Notice of Intent to Seek Writs as a timely filed motion for appeal. *Dexter Johnson versus Madeline Jasmine–Individual Capacity*, La. App. 5 Cir. 19-C-279. On October 22, 2019, this Court remanded the matter again to allow the trial court to execute and file an Order of Appeal, which was missing from the appellate record.

Judges are entitled to absolute immunity from liability while performing judicial acts. *See Menard v. Louisiana Dept. of Health & Hospitals*, 11-1487 (La. App. 3rd Cir. 4/4/12), 94 So.3d 15, 18–19, *Viator v. Miller*, 04-1199 (La. App. 3rd Cir. 4/27/05), 900 So.2d 1135, 1139–40. The Louisiana Supreme Court has held that "Judges acting within the scope of their subject matter jurisdictions cannot be held liable for acts done in their judicial capacities." *Knapper v. Connick*, 96-0434 (La. 10/15/96, 3), 681 So.2d 944, 946 (citing *Killeen v. Boland, Gschwind Co.,*157 La. 566, 102 So. 672 (1924)). However, in accordance with the United States Supreme Court's interpretation of judicial immunity in *Forrester v. White*, 484 U.S. 219, 227–28, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988), judges do not enjoy absolute immunity from civil liability for administrative decisions that are not judicial or adjudicative. *Palowsky v. Campbell*, 18-1105 (La. 6/26/19), ---So.3d---, *reh'g denied,* 18-1105 (La. 9/6/19), 278 So.3d 358.

Mr. Johnson's petition, on its face, clearly alleges that the behavior complained of occurred while Judge Jasmine was acting in her judicial capacity. Mr. Johnson claims to have suffered injury from the judgments of October 26, 2017 and December 22, 2017. Few activities performed by a judge are considered more judicial or adjudicatory than issuing a judgment. In like cases, the immunity from civil liability has been considered absolute, even in cases in which the judge acts with malice. *Knapper*, 681 So.2d at 946.

Mr. Johnson argues, however, that Judge Johnson is not insulated from liability in this case because La. R.S. 9:2788.1, often called the "discretionary immunity doctrine" does not grant immunity to public officials for acts which do not involve the exercise of discretion or for "acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." La. R.S. 9:2798.1(B).

Mr. Johnson argues that he was entitled to a default judgment in this case, and no discretion was called for. This argument is without merit because a party seeking a default judgment pursuant to La. C.C.P. arts. 1701 and 1702 must present evidence sufficient to convince the court that it is probable that he or she would prevail in a trial on the merits. *See Ramos v. Alexander*, 18-355 (La. App. 5 Cir. 12/19/18), 262 So.3d 1000, 1003. Deciding whether a petitioner has established a *prima facie* case is an exercise of discretion, and public officials are immune from liability for discretionary acts "when such acts are within the course and scope of their lawful powers and duties." La. R.S. 9:2798.1(A).

Finally, we will briefly address Mr. Johnson's argument that Judge Jasmine's participation in *ex parte* communication, in violation of the Judicial Code of Conduct Canon 3(7)(6), constitutes an intentional and malicious act which subjects Judge Jasmine to personal liability for damages. The process by which Judges are disciplined for violations of the Judicial Code of Conduct is through the filing of a complaint with the Judiciary Commission—the Louisiana Supreme Court is vested with exclusive original jurisdiction in judicial disciplinary proceedings. La. Const. Art. V, § 25(C), *See e.g. In re Clark*, 2014-0188 (La. 5/7/14), 145 So.3d 261, 262; *In re Alford*, 2007-1893 (La. 2/15/08), 977 So.2d 811, 823. Therefore, Judge Jasmine's alleged *ex parte* communication does not give rise to a cause of action for personal liability for damages.

## CONCLUSION

Accepting all facts alleged in Mr. Johnson's petition as true, the petition does not state a cause of action against Judge Jasmine. The judgment of the trial court dismissing Mr. Johnson's case with prejudice is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 29, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-365**

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
JO ANN NIXON (APPELLEE)

### MAILED
HONORABLE ROBERT L. LOBRANO
(DISTRICT JUDGE)
PARISH OF ST. JOHN
40TH JUDICIAL DISTRICT COURT
P. O. BOX 357
EDGARD, LA 70049

DEXTER JOHNSON  (APPELLANT)
IN PROPER PERSON
123 GASSEN STREET
LULING, LA 70070