# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**13-890**


**DARREN DUGAS, ET AL.**

**VERSUS**

**BAYOU TECHE WATER WORKS, INC., ET AL.**


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 110321-H
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and John E. Conery, Judges.


**REVERSED AND REMANDED.**

**Samuel Rosamond, III**
**Taylor, Wellons, Politz & Duhe, APLC**
**1515 Poydras Street, Suite 1900**
**New Orleans, LA 70112**
**(504) 525-9888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Pennsylvania General Insurance Company**

**Raymond Pajares**
**Pajares & Schexnaydre, LLC**
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**(985) 292-2000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bayou Teche Water Works, Inc.**

Joshua G. Keller
Deutsch, Kerrigan & Stiles, LLP
755 Magazine Street
New Orleans, LA   70130
(504) 581-5141
COUNSEL FOR DEFENDANT/APPELLEE:
    Bayou Teche Water Works, Inc.

Erin Fury Parkinson
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA   70130
(504) 596-2814
COUNSEL FOR DEFENDANT/APPELLEE:
    Granite State Insurance Company

Rachel S. Kellogg
Schafer & Schafer
328 Lafayette Street
New Orleans, LA   70130
(504) 522-0011
COUNSEL FOR DEFENDANT/APPELLEE:
    American Alternative Insurance Company

Theodore M. "Trey" Haik, III
Haik, Minvielle & Grubbs
Post Office Box 11040
Iberia, LA   70562-1040
(337) 365-5486
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Darren Dugas
    Glenward Dugas
    Cheryl Dugas

**AMY, Judge.**

The plaintiffs alleged damage to their land and farming practices due to the defendant water facility's discharge of brine into a canal adjacent to the plaintiffs' property. The water facility and its insurer filed an initial exception of prescription pursuant to the time limitations of La.R.S. 9:5624, which provides a two-year period of limitation for damage to private property damaged for public purposes. Initially sustained by the trial court, a panel of this court reversed the ruling due to an inadequate factual basis provided in the record on appeal. On remand, the defendant filed a motion for summary judgment, supplementing the record regarding the question of whether it qualified as an entity offered the prescriptive limit of La.R.S. 9:5624. The trial court construed the motion as an exception of prescription and sustained the exception. The plaintiffs appeal. For the following reasons, we reverse and remand.

## Factual and Procedural Background

The plaintiffs, Darren Dugas, Glenward Dugas, and Cheryl Dugas, instituted this matter with an August 7, 2007 petition, alleging that land owned and or leased by them and used for rice and crawfishing farming purposes, was damaged due to the practices of the defendant, Bayou Teche Water Works, Inc. In particular, the plaintiffs alleged that Bayou Teche discharged brine-containing wastewater from its treatment plant into a coulee[1] that traveled adjacent to the plaintiffs' farmland. The plaintiffs alleged that Bayou Teche did not have the appropriate permit for such a discharge from the Louisiana Department of Environmental Quality.

---

[1]The coulee is referred to variously in the record as a drainage ditch, irrigation ditch, and as a coulee.

The plaintiffs asserted that, in turn, they used water from that coulee for irrigation purposes on their farmland. The result, the plaintiffs contended, was approximately twenty years of inadequate yield from their farm. Despite the long-term low yield, and in an amended petition, the plaintiffs asserted that they only became aware of the alleged salinity issue in September 2006 and that, upon notification to Bayou Teche, the discharges were terminated in November 2007.

In their petition, the plaintiffs prayed for various damages, including remediation costs and past, present, and future lost profits. In addition to Bayou Teche, the plaintiffs named Bayou Teche's insurer, American Alternative Insurance Company, as a defendant.

Bayou Teche filed an initial exception of prescription in October 2009 and argued that the matter was prescribed by operation of La.R.S. 9:5624, a statute providing for a two-year prescriptive period in the event that "private property is damaged for public purposes[.]" On appeal, a panel of this court found that the factual findings underlying the trial court's ruling were not supported by the record. *Dugas v. Bayou Teche Water Works* 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. The panel observed that, although the hearing transcript indicated that the parties anticipated entering additional exhibits into the record, that action had apparently not been completed. *Id.* Accordingly, the panel reversed the trial court's judgment and remanded for further proceedings. *Id.*

On remand, Bayou Teche filed a motion for summary judgment, alleging that "there is no genuine issue of material fact in dispute as to whether plaintiffs' claims are prescribed pursuant to La.R.S. 9:5624." In its memorandum, Bayou Teche explained that it was attempting to "satisfy the evidentiary issues identified by the appellate court" by attaching corporate documentation such as its Articles of

2

Incorporation, By-Laws, and a non-exclusive franchise agreement from Iberia Parish. Bayou Teche also attached deposition testimony and bills of sale associated with the plaintiffs' property in an attempt to establish that the plaintiffs failed to file suit within two years of the damages being sustained. The plaintiffs opposed the motion, alleging that they filed the suit within one year of learning of the discharge of the wastewater. They further contested whether Bayou Teche, as a non-profit corporation, is a legal entity entitled to the protections of La.R.S. 9:5624. The plaintiffs attached their petitions and deposition excerpts regarding their alleged point of discovery and also regarding what they contend is the non-public nature of Bayou Teche's actions in this case.

At the hearing, the trial court addressed the initial appellate panel's observation that the record on appeal was deficient and observed that, although the documentation had not been included in the appellate record, it was available for the trial court's review at that time. Accordingly, the trial court again considered the parties' evidence and construed Bayou Teche's prayer in its motion for summary judgment to be a re-submission of its exception of prescription. In ruling, the trial court concluded that La.R.S. 9:5624 was, in fact, applicable and that the plaintiffs failed to file suit timely given the twenty-year period of damages alleged. In its resulting judgment, the trial court sustained an exception of prescription.[2]

---

[2] In reasons for ruling, the trial court determined that:

> After carefully considering the evidence (now part of the record), arguments of counsel, and the Third Circuit opinion, this court is satisfied with the evidence submitted. In its previous Reasons for Judgment, this court stated, "this court finds the activity of supplying potable water to residents is clearly a 'public work' and the discharge of the waste water [sic] a 'necessary consequence' of that public service; thus subjecting these claims to the two year prescriptive period." The evidence, now properly submitted, supports this conclusion. Therefore, the Defendants have met their burden of proof in

3

The plaintiffs appeal.

**Discussion**

*Exception of Prescription*

The trial court construed Bayou Teche's filing as a re-urging of its initial exception of prescription. Bayou Teche has not contested that interpretation on appeal. Accordingly, we review the trial court's judgment pursuant to the standard of review applicable to a trial court's ruling on an exception of prescription. In *Milbert v. Answering Bureau, Inc.*, 13-22 (La. 6/28/13), 120 So.3d 678, the supreme court considered prescription within the context of a motion for summary judgment, noting that the party urging prescription bears the burden of proof. However, in the event that prescription is apparent from the face of the pleadings, the burden of proof shifts to the plaintiff to demonstrate that the matter is not prescribed. *Id.*

Further, in the event that evidence is introduced at the hearing on the exception, an appellate court considers the ruling on the exception of prescription under the manifest error—clearly wrong standard of review. *Rando v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065. If those findings are reasonable in light of the record reviewed in its entirety, an appellate court will not reverse the trial court's ruling, even if convinced that it would have weighed the evidence differently had it been the trier of fact. *Id.*

Having reviewed the trial court's ruling under this standard, we conclude that the trial court was manifestly erroneous in its determination.

---

showing that the defendant falls within the purview of La.R.S. 9:5624; that the defendant is performing a public work; that the discharge of water is a necessary consequence of that public work; and that the matter has prescribed.

*Louisiana Revised Statutes 9:5624*

Bayou Teche urged prescription in this case and alleged solely that there "is no genuine issue of material fact in dispute as to whether plaintiffs' claims are prescribed pursuant to La.R.S. 9:5624." The plaintiffs again contested whether Bayou Teche can be afforded the protections of that statute.

Entitled "Actions for damages to property damaged for public purposes[,]" La.R.S. 9:5624 provides that:

> When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works.[3]

In remarking upon La.R.S. 9:5624, the Louisiana Supreme Court has explained that the purpose of the statute "is to limit the exposure of the State and its political subdivisions to liability in connection with a public work to a reasonable period of time." *Avenal v. State*, 03-3521, p. 33 (La. 10/19/04), 886 So.2d 1085, 1108. Despite this purpose, La.R.S. 9:5624 does not encompass all lawsuits for damages caused by a public entity or those involving public works projects. *Id.* Instead, in order to fall within the protections of the statute, the damage must be incurred for a public purpose. *Id.* "Damage is incurred 'for public purposes' when the damaging is 'intentional or occurs as a necessary consequence of the public undertaking'." *Id.* at 1108-09.

In light of this description it is apparent that the record does not support the trial court's application of the statute. Rather, the parties' submissions, in support

---

[3] This quotation reflects the current version of La.R.S. 9:5624, as amended in 1987. Prior to that amendment, the statute provided that the prescriptive period began to run when the damages were sustained. Although the defendants contend that the earlier version of La.R.S. 9:5624 should apply since the plaintiffs' claims allegedly commenced prior to that time, we do not resolve the question of which version of the statute is applicable in this case. Rather, we find the statute otherwise inapplicable as the evidence does not indicate that the private property was "damaged for public purposes[.]"

5

of and in opposition to their respective positions, reveal the absence of evidence supporting La.R.S. 9:5624's fundamental requirement that damages be sustained for a public purpose. Certainly there is no evidence that application of the statute in this case would satisfy its purpose "to limit the exposure of the State and its political subdivisions to liability in connection with a public work to a reasonable period of time." *Avenal*, 886 So.2d at 1108. As addressed below, Bayou Teche is not a political subdivision, but is a non-profit corporation. Neither is there evidence that the discharge was performed in connection with a public work.

Simply, the record indicates that Bayou Teche is a non-profit corporation serving, not the public, but its membership.[4] Its Articles of Incorporation, in Article II, reflect that "[t]he nature of the business of the corporation and the objects and purposes for which it is formed are:"

> a. To associate its members together for their mutual benefit and to that end to construct, maintain and operate a private water system for the supplying of water to its members, and to engage in any activity related thereto.

Additionally, the Articles reflect that the corporation is self-governed insofar as Article V, as amended in 1992, provides that:

> Subject to the terms and conditions prescribed in the by-laws, this corporation shall admit as members persons (which word as used therein includes any legal entity) who are owners or part owners or have a substantial possessory interest in properties desired to be served by the corporation's water system.

> The voting power of each member whose fees are fully paid and who is in good standing shall be equal and each member shall be entitled to one (1) vote only regardless of the number of membership certificates he might hold.

> The property rights and interest of each member in earnings and assets of the corporation shall be unequal and are to be determined by

---

[4] The General Manager of Bayou Teche explained in his deposition that Bayou Teche has approximately 2900 meters, equating to a population of approximately 8700 using its services.

6

each member's cumulative patronage of the corporation's services; all as more fully set forth in accordance with the provisions of the by-laws of the corporation.

Neither do the By-Laws convey a public affiliation beyond the Iberia Parish non-exclusive franchise. Instead, the By-Laws provide for the election of the Board of Directors by the members of the corporation and provide that the Board of Directors be divided into three classes: 1) three member-residents of St. Landry Parish; 2) three member-residents of St. Martin Parish; and 3) three members "of whom one shall be a resident of Iberia Parish and of whom two shall be residents of St. Martin Parish."

While Bayou Teche notes that it is a franchisee of Iberia Parish, the ordinance granting that non-exclusive franchise again indicates only Bayou Teche's corporate structure and its purpose to provide water to its customers and membership. Section 1 of the 1972 ordinance provides, in part, that:

> [T]he Iberia Parish Police Jury, the governing authority of Iberia Parish, Louisiana, does hereby grant unto BAYOU TECHE WATERWORKS CORPORATION, a non-profit corporation duly organized under the laws of the State of Louisiana, doing business in Iberia Parish, Louisiana, its successors and assigns, hereinafter called "Grantee", the right, privilege and authority to construct, maintain and operate within Iberia Parish a water system to sell and service its customers, users and members.

In its brief to this court, Bayou Teche refers to *Crooks v. Placid Refining Co.*, 05-119 (La.App. 3 Cir. 6/1/05), 903 So.2d 1154, *writ denied*, 05-1756 (La. 1/13/06), 920 So.2d 242, for the proposition that corporations may expropriate property in the event that the project serves a public interest/public purpose. Certainly, the panel of this court resolving *Crooks* found a public purpose or benefit from the use of a pipeline for the transport of oil to refineries throughout

7

the State.  Notwithstanding the expropriation context in which it arose, however, the panel did so after observing supreme court jurisprudence explaining that:

> 'No general definition of what degree of public good will meet the constitutional requirements for a 'public use' can be framed, as it is in every case a question of public policy.  The meaning of the term is flexible and is not confined to what may constitute a public use at any given time, *but in general it may be said to cover a use affecting the public generally, or any number thereof, as distinguished from particular individuals*.  Some courts have gone so far in the direction of a liberal construction as to hold that 'public use' is synonymous with 'public benefit,' 'public utility' or 'public advantage,' and to authorize the exercise of the power of eminent domain to promote such public benefit, etc., especially where the interests involved are of considerable magnitude, and it is sought to use the power in order that the natural resources and advantages of a locality may receive the fullest development in view of the general welfare.'

*Id.* at 1165-66 (quoting *City of New Orleans v. New Orleans Land Co.*, 173 La. 71, 136 So. 91 (1931)) (emphasis added).  After consideration of that type of jurisprudence regarding public purpose, the panel in *Crooks* found that "despite any competitive advantage to [the defendant refining company], use of the pipeline to efficiently and economically transport oil to various refineries in the State benefits the public by increasing the availability of the oil and reducing costs to the consumer." *Id.* at 1166.

Unlike the situation in *Crooks*, however, it cannot be said that Bayou Teche's wastewater discharge served the public.  Rather, the corporate documentation indicates only that Bayou Teche, as a cooperative, non-profit corporation, operated for the benefit of particular individuals, i.e., its members and customers, not the public generally.  *See Crooks*, 903 So.2d 1154 (quoting *New Orleans Land Co.*, 136 So. 91).

Given the record's absence of evidence regarding a public purpose causing the complained of damages, we find that the trial court was manifestly erroneous in

8

concluding otherwise. Accordingly, we reverse the trial court's judgment and remand for further proceedings. On remand, we reiterate that this court's ruling has been limited strictly to the applicability of La.R.S. 9:5624 since the defendants' exception of prescription and motion for summary judgment were limited to its claim of prescription thereunder. The defendants have not raised, nor have we addressed, any other prescriptive provisions.

## DECREE

For the foregoing reasons, we reverse the trial court's judgment sustaining the exception of prescription under La.R.S. 9:5624 and remand for further proceedings. All costs of this proceeding are assigned to the appellees, Bayou Teche Waterworks, Inc. and American Alternative Insurance Company.

**REVERSED AND REMANDED.**