FRANK LABRUZZO, ET AL.

VERSUS

STATE OF LOUISIANA, ET AL.

NO. 23-CA-194

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 794-757, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

May 22, 2024

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

<u>**AFFIRMED**</u>
**MEJ**
**FHW**
**SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
FRANK LABRUZZO, ET AL
    Charles G. Justice, III
    Stephen I. Dwyer

COUNSEL FOR DEFENDANT/APPELLEE,
STATE OF LOUISIANA
    Jeffrey M. Landry
    Morgan D. Rogers
    Ryan M. Seidemann

**JOHNSON, J.**

Plaintiffs/Appellants, Frank Labruzzo, Bernard D'Arcangelo, Mary Rose Labruzzo D'Arcangelo, the Clarissa M. Balfour Trust, Clarissa M. Balfour, Trustee, and Orpheum Street, Inc., appeal the trial court's October 11, 2022 judgment that sustained peremptory exceptions of no cause of action, prescription, and *res judicata* in favor Defendants/Appellees, the State of Louisiana through Southeast Louisiana Flood Protection Authority-East, Coastal Protection and Restoration Authority of Louisiana, and the Board of Commissioners of East Jefferson Parish Levee District (hereinafter collectively referred to as "the State"), and dismissed their action concerning the commandeering of private property filed in the 24th Judicial District Court, Division "A". For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On April 30, 2019, Plaintiffs filed a petition for damages against the State. In their petition, Plaintiffs alleged that they are owners of property commandeered through Executive Order KBB 2006-6 (hereinafter referred to as "the Order" or "commandeering order") signed by former Governor Kathleen Blanco on February 10, 2006 pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act. The petition stated the subject property was commandeered in order to provide the United States Army Corps of Engineers (hereinafter referred to as "the Corps") with the "right of entry to all lands, easements, and rights-of-way, including suitable borrow and dredged or excavated material disposal areas" as needed for the repairs to the 17th Street Canal. It asserted the State entered into a cooperation agreement (hereinafter referred to as "the Cooperation Agreement") and other related agreements arising from coordinated efforts by the Corps, which described measures to acquire real property rights from private interests, such as Plaintiffs' interests. The petition alleged that the title and ownership of the

property was a right and privilege reserved to the owners by the Order, until such time as the title was transferred to another party; and, it is possible that, after the commandeering and use of their property to construct and complete the interim pumps, temporary floodwalls, and permanent pump project, the property could be returned to Plaintiffs in full ownership.

The petition acknowledged the ruling in *LaBruzzo v. State ex rel. Governor*, 14-262 (La. App. 5 Cir. 11/25/14), 165 So.3d 166, *writ denied*, 14-2702, (La. 3/27/15), 162 So.3d 385, where the trial court found that Mr. LaBruzzo's suit for compensation for the State's commandeering the use of his property, which is included in the subject property in this action, was prescribed under La. R.S. 13:5111. The trial court reasoned that the action had been filed more than three years after Mr. LaBruzzo knew of the facts sufficient to apprise him of his cause of action. Mr. LaBruzzo's actions, claims, demands, issues, and theories were dismissed with prejudice. This Court affirmed the trial court's judgment. *Id*. at 176.

In an effort to distinguish the claims in their petition from Mr. LaBruzzo's earlier suit for compensation, Plaintiffs alleged that their claim in the instant petition was for constitutional damaging, not the taking of their property. They contended that, at the time of the trial in the *LaBruzzo* case, it could not have been known to Mr. LaBruzzo or the courts that the State would not fulfill its contractual obligations dictated by the Cooperation Agreement. They argued that the language of the Cooperation Agreement supported the proposition that the act of commandeering displaced their right to use the property, but it was understood the United States would thereafter acquire the interests it needed through negotiation or eminent domain; and, no proceedings had been confected to transfer the title from Plaintiffs. The petition then alleged that, because title and ownership were reserved to them by the Order and the title had never been transferred, Plaintiffs

remained the owners of the property until completion of the project; and they were entitled, under La. R.S. 9:5624, to compensation for the damaging of their property rights during the flood protection projects.

In response to the petition, the State filed a peremptory exception of prescription.[1] In its brief, the State argued the commandeering/taking of the property interfered with Plaintiffs' rights of ownership; it did not damage their property. The State contended that the commencement of prescription on Plaintiffs' commandeering/taking claim began when they were noticed of facts that apprised them they may have had a claim against the State for commandeering their property, which started to run when the Order was issued in 2006. The State further argued that Plaintiffs' federal lawsuit[2] against the Corps established Plaintiffs' claims were prescribed in April 2016, at the latest. Conversely, Plaintiffs argued the three-year prescriptive period was inapplicable to the instant action. Plaintiffs also sought to have the hearing on the State's exception continued for the opportunity to conduct additional discovery. The trial court denied Plaintiffs' motion to continue, sustained the State's exception of prescription, and dismissed Plaintiffs' action with prejudice.

Plaintiffs filed their motion for reconsideration, rehearing, or new trial on August 14, 2020. In their motion, Plaintiffs argued that their claims are not prescribed and, alternatively, sought an opportunity to remove the grounds for the State's exception of prescription from their petition. The trial court granted Plaintiffs' motion and allowed them an opportunity to amend their petition.

In their amended petition, Plaintiffs elaborated on many of the allegations set forth in their previous petitions. They also requested a declaratory judgment to

_____

[1] The State also raised the peremptory exception of nonjoinder of parties, alleging that the entity purporting to be "Orpheum, Inc." was a necessary party to the action. Plaintiffs later amended their petition to include Orpheum Street, Inc. as a defendant, and the trial court overruled the State's exception of nonjoinder of parties as moot.
[2] *LaBruzzo, et al. v. United States of America*, U.S. Court of Federal Claims Case No. 18-419L.

determine rights, status, and declaratory relief pursuant to the contractual agreements concerning the property, *e.g.*, the Cooperation Agreement and right of entry agreements. In opposition, the State filed a declinatory exception of lack of subject matter jurisdiction, a dilatory exception of improper cumulation of actions, and peremptory exceptions of no cause of action, no right of action, and prescription. The State asserted sovereign immunity and argued that the trial court lacked subject matter jurisdiction to render a declaratory judgment against it. It also argued Plaintiffs have no right action because they are not parties to any of the agreements involving the subject property, and they have no ownership rights awarded to them for the property (which is artificial fill from the sovereign bed of Lake Pontchartrain) through a petitory action or own any interest in the property. The State further argued that Plaintiffs' damaging claims, contract claims, and taking claims have all prescribed. The State then contended that Plaintiffs' mandamus claims were improperly cumulated, were prescribed, and failed to state a cause of action.

The State's exceptions were heard by the trial court on September 13, 2022. On the same day, the trial court rendered a judgment overruling the State's exception of lack of subject matter jurisdiction. A written judgment resolving the remaining exceptions was rendered by the trial court on October 11, 2022. The trial court sustained the State's exception of no cause of action for the breach of contract claims and reasoned that Plaintiffs were not parties to the contracts as alleged in their pleadings. The court sustained the exception of prescription. It overruled the exception of improper cumulation, finding that Plaintiffs did not plead any mandamus claims. Additionally, although the State did not plead an exception of *res judicata*, the court found that Plaintiffs' claims were barred by *res judicata*, pursuant to *Labruzzo*, *supra*. Plaintiffs' action was dismissed with prejudice. The instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Plaintiffs allege the trial court erred in: 1) denying their motion to continue and preventing them from having the opportunity to conduct discovery; 2) sustaining the State's exception of no cause of action for their breach of contract claims; 3) sustaining the State's exception of prescription; 4) finding that their claims were barred under *res judicata*; and 5) failing to render a declaratory judgment in their favor.

## LAW AND ANALYSIS

Motion to Continue

Plaintiffs allege the trial court erred in denying their motion to continue prior to ruling on the State's exception of prescription. They argue that, in order to obtain evidence sufficient to controvert the exception of prescription, they must be allowed to engage in adequate discovery to find how their property was actually used during the construction projects and the current and proposed uses of the property. They contend that, if they still possess full ownership of the property (assuming the "use" had reverted back to them), the property had been constitutionally "taken or damaged" by the State for public purpose; and, the taking or damaging would not fall under the ambit of La. R.S. 29:730. Plaintiffs maintain that, without the opportunity to conduct discovery, they have an almost impossible task of supporting their case.

The decision of whether to grant or deny a continuance is a matter of the trial court's discretion. *Dufrene v. Doctor's Hosp. of Jefferson, Inc.*, 02-654 (La. App. 5 Cir. 12/11/02), 836 So.2d 309, 311. The trial judge is afforded wide discretion in the maintenance of his docket and any decision pertaining thereto will not be overturned absent a showing of an abuse of that discretion. *Id.*

After reviewing the entire record, we find that the trial court did not abuse its discretion in denying Plaintiffs' motion to continue. For the reasons discussed

*infra*, we find there was no need for more discovery prior to the trial court's rendition of its ruling on the exception of prescription.

No Cause of Action

Plaintiffs allege the trial court erred in sustaining the State's exception of no cause of action. They argue that their petition lies in contract and constitutional damaging. They contend the Governor carefully designed the Order to provide compensation and protection for the property owners whose rights were affected by the Order. They assert the face of their petition alleges the Order required that the owners of the commandeered property be identified and compensated, and they were the alleged respective owners of the property. Accepting the allegations as true, Plaintiffs maintain they asserted a viable cause of action, either though breach of contract or constitutional damaging, and the trial court erroneously dismissed their petition.

A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert an action against the defendant. *Grubbs v. Haven Custom Furnishings, LLC*, 18-710 (La. App. 5 Cir. 5/29/19), 274 So.3d 844, 847, citing *Show-Me Const., LLC v. Wellington Specialty Ins. Co.*, 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Id*. at 848, citing *Jenkins v. Jackson*, 16-482 (La. App. 5 Cir. 2/22/17), 216 So.3d 1082. The exception's function is to test the legal sufficiency of the petition by determining whether the law affords a remedy to the facts alleged in the pleading. *Id*. No evidence may be introduced to support or controvert the exception raising the objection of no cause of action. *Id*. For the purpose of determining the issues raised by the exception, all facts pleaded in the petition must be accepted as true. *Id*.

The appellate court standard of review of a judgment sustaining an exception of no cause of action is *de novo* because the exception raises a question of law. *Succession of Vidrine*, 23-15 (La. App. 5 Cir. 12/6/23), 380 So.3d 590, 593, *rehearing denied*, (La. App. 5 Cir. 12/19/23). A petition should not be dismissed for failure to state a cause of action, unless it appears beyond a doubt the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. *Grubbs*, *supra*.

### *Breach of Contract*

Plaintiffs alleged in their petition that they were third-party beneficiaries to the Cooperation Agreement, and the State breached the terms of the Cooperation Agreement by not identifying and compensating them for the commandeered property.

The State avers that Plaintiffs have no cause of action because they are not parties to any contract related to the subject property of this case. It contends that, while Plaintiffs strongly urge a theory that finds a commandeering order to be a contract to which they are parties, that theory is simply incorrect. It maintains the Order is not a contract but is a matter of law pursuant to La. R.S. 29:724(A), the statute setting forth the powers of the governor during emergencies or disasters. It further maintains that subsequent agreements between it, local entities, and the United States regarding the subject property do not confer any rights upon Plaintiffs or create any obligations to Plaintiffs; consequently, *stipulation pour autrui* is inapplicable. As such, the State also contends that Plaintiffs' claims as to the Order, any obligations created thereunder, or a determination of its expiration are moot and irrelevant.

Although Plaintiffs alleged the State breached the terms of the Cooperation Agreement, they significantly minimized the method by which the State came into possession of the subject property: through a taking, not pursuant to a contract.

This Court, in *LaBruzzo*, explained the State's authority to take the property, stating:

> The Louisiana Homeland Security and Emergency Assistance and Disaster Act provides that "in order to effectuate the provisions of this Chapter, the governor may issue executive orders, proclamations, and regulations and amend or rescind them. Executive order, proclamations, and regulations so issue shall have the force and effect of law." La. R.S. 29:724(A). Further, the governor has the statutory authority to "commandeer or utilize any private property if he finds this necessary to cope with the disaster or emergency," subject to any applicable requirements for compensation. La. R.S. 29:724(D)(4). In this case, it is not disputed that Executive Order KBB-2006-6 was promulgated pursuant to the above statutory provisions… .

165 So.3d at 169-70.

Despite Plaintiffs' assertion that their action lies within a breach of contract action, we find their action is actually embedded within La. R.S. 29:724. The Order by which the subject property was commandeered had the force and effect of law. Plaintiffs' claims for the State's failure to compensate them for the commandeered land would then be subject to the provisions of La. R.S. 29:730 (the statute providing compensation for the value of commandeered land) and La. R.S. 13:5111(A) (the statute setting forth the prescriptive period for a claim for compensation for commandeered land). Therefore, accepting the allegations of Plaintiffs' petition as true, we find that the law, as cited in *LaBruzzo*, *supra*, does not afford Plaintiffs a remedy under a breach of contract action.

### *Damaging of Property under La. R.S. 9:5624*

Plaintiffs argue that the State is currently using their property without authority for the second and new permanent pump project, and the State's continued use of their property requires just compensation for constitutional damaging.

La. R.S. 9:5624 provides, "When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the

public works." La. R.S. 9:5624 does not encompass all lawsuits for damages caused by a public entity or those involving public works projects. *Dugas v. Bayou Teche Water Works, Inc.*, 13-890 (La. App. 3 Cir. 2/12/14), 153 So.3d 1071, 1075, *writ denied*, 14-534 (La. 5/16/14), 139 So.3d 1026, citing *Avenal v. State*, 03-3521 (La. 10/19/04), 886 So.2d 1085. In order to fall within the protections of the statute, the damage must be incurred for a public purpose. *Id.* "Damage is incurred 'for public purposes' when the damaging is 'intentional or occurs as a necessary consequence of the public undertaking.'" *Id.* "[P]roperty is 'taken' when the public authority acquires the right of ownership or one of its recognized dismemberments." *Avenal v. State*, 03-3521 (La. 10/19/04), 886 So.2d 1085, 1105, quoting *Columbia Gulf Transmission Co. v. Hoyt*, 252 La. 921, 215 So.2d 114 (1968). However, "[p]roperty is considered 'damaged' when the action of the public authority results in the diminution of the value of the property." *Id.* Damages which cause discomfort, disturbance, inconvenience, and even sometimes financial loss as an ordinary and general consequence of public improvements are not compensable. *Spanish Lake Wildlife Refuge & Botanical Gardens, Inc. v. Parish of Ascension ex rel. Martinez*, 11-1882 (La. App. 1 Cir. 5/4/12), 2012WL1580760, citing *Reymond v. State Through Dept. of Highways*, 255 La. 425, 231 So.2d 375 (La. 1970).

Here, Plaintiffs specifically alleged, "[the] continued use of the property [by the State] without permanent or substantial construction cannot be a taking, rather it must be classified as damaging the plaintiffs' property rights, and requir[es] compensation for use, and physical return of the property to the plaintiffs." While Plaintiffs assert a constitutional damage claim, they fail to allege that the State's actions resulted in the diminution of the value of their property. *See*, La. R.S. 9:5624; *Avenal*, *supra*. Additionally, the subject property was originally commandeered pursuant to the Order. Plaintiffs' inability to use the property is a

general consequence of having property commandeered by the State for public purposes. Damages for a general consequence of a public improvement are not compensable. *See*, *Spanish Lake Wildlife Refuge & Botanical Gardens Inc.*, *supra.* Again, we find their action is actually embedded within La. R.S. 29:724.[3] Therefore, accepting the facts of the petition as true, we find that the law does not afford Plaintiffs a remedy under La. R.S. 9:5624.

After *de novo* review and accepting the allegations of Plaintiffs' petition as true, we find that the law does not afford Plaintiffs a remedy under their breach of contract or constitutional damages claims. Accordingly, we find that the trial court properly sustained the State's peremptory exception of no cause of action.

Prescription

Plaintiffs allege the trial court erred in finding their breach of contract and constitutional damages claims prescribed. In opposition, the State asserts that Plaintiffs' claims are clearly prescribed, as the subject property was commandeered in 2006.

An exception of prescription is a type of peremptory exception. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, and hence this exception tends to dismiss or defeat the action. *Ruffins v. HAZA Foods of Louisiana, LLC*, 21-619 (La. App. 5 Cir. 5/25/22), 341 So.3d 1259, 1262. The burden of proof in an exception of prescription lies with the party asserting it; however, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove the prescriptive period has been interrupted or suspended. *McClellan v. Premier Nissan, L.L.C.*, 14-726 (La. App. 5 Cir. 2/11/15), 167 So.3d 934, 935. If evidence is introduced at the hearing on the peremptory exception of prescription,

---

[3] *See*, *LaBruzzo*, where Mr. LaBruzzo similarly alleged he had been continually prevented from exercising his right of ownership of such property. 165 So.3d at 171.

the trial court's findings of fact are reviewed under the manifest error/clearly wrong standard of review. *Id.* If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

As discussed earlier, Plaintiffs' actions are inherently embedded within La. R.S. 29:724. The prescriptive period applicable to a claim for compensation following a taking by the State, other than an expropriation proceeding, is found in La. R.S. 13:5111(A). The three-year prescriptive period of La. R.S. 13:5111 begins to run from the date of discovery of the taking. *LaBruzzo*, 166 So.3d at 170. However, while it is true that prescription does not begin to run until discovery of facts which give rise to a cause of action, it is equally clear that ignorance of one's legal rights upon known facts does not suspend or delay the running of prescription. *Id.*

The petition in this matter was filed on April 30, 2019. It alleges the commandeering order was signed by Governor Blanco on February 10, 2006, which mandated that the owners of the commandeered land be identified and compensated. It further alleged that the Order must be honored. On its face, Plaintiffs' petition is prescribed because it admits notice of facts pertaining to its compensation action since, at least, February 2006: basically, the State commandeered their property and had restricted them from access to and use of it. Thus, Plaintiffs bore the burden of proving the prescriptive period had been interrupted or suspended.

At the hearing on the exception of prescription, evidence was admitted from both sides by the trial court. Among the exhibits admitted was the commandeering order. When questioned about the three-year prescriptive period for the commandeering of the property by the trial judge, Plaintiffs' attorney pivoted to

the breach of contract and constitutional damages arguments and their respective prescriptive periods. The State's attorney argued that Plaintiffs received notice of the taking in 2006 and should have known of all of their rights by 2008.

While the trial court sustained the State's exception of prescription on the basis that Plaintiffs failed to filed their petition within 10 years of becoming aware of their breach of contract action in 2008, we hold the exception was properly sustained, albeit on a different basis. Appellate courts review trial court judgments, not the reasons for judgment. *In re L.D.B.*, 17-373 (La. App. 5 Cir. 10/4/17), 228 So.3d 296, 300. Accordingly, we find that Plaintiffs admittedly had notice of the commandeering in 2006, pursuant to the Order, and they failed to prove the three-year prescriptive period provided in La. R.S. 13:5111 had been suspended or interrupted; consequently, their petition is prescribed.

Because we have determined that Plaintiffs' petition was properly dismissed as a result of the exceptions of no cause of action and prescription, we pretermit discussion of Plaintiffs' remaining assignments of error.

### DECREE

For the foregoing reasons, we affirm the trial court's judgment that sustained the State's peremptory exceptions of no cause of action and prescription and dismissed Plaintiffs' action. Plaintiffs are assessed the costs of this appeal.

### AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 22, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-194

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
CHARLES G. JUSTICE, III (APPELLANT)      RYAN M. SEIDEMANN (APPELLEE)

### MAILED
STEPHEN I. DWYER (APPELLANT)
ATTORNEY AT LAW
3000 WEST ESPLANADE AVENUE
SUITE 200
METAIRIE, LA 70002

HONORABLE JEFFREY M. LANDRY
(APPELLEE)
ATTORNEY GENERAL
MORGAN D. ROGERS (APPELLEE)
WARREN B. BATES, JR. (APPELLEE)
ASSISTANT ATTORNEYS GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
POST OFFICE BOX 94005
BATON ROUGE, LA 70804